## UNITED STATES v. DEBRUYN.

(District Court, E. D. New York. June 22, 1925.)

**1. Pardon ⬳9—Pardon effects not only release from imprisonment but cancellation of fine.**

Pardon and restoration of civil rights of one sentenced to term of imprisonment and to pay fine in addition effects, not only release from imprisonment, but cancellation of fine.

**2. Prisons ⬳15—Commutation of sentence before termination of term of imprisonment held to carry with it cancellation of unpaid fine.**

Commutation of sentence before termination of term of imprisonment *held* to effect not only release from imprisonment, but also release from liability for payment of fine imposed at time of imprisonment.

**3. Pardon ⬳9—Prisons ⬳15—Document in nature of pardon or commutation construed most favorably to prisoner.**

Document in nature of pardon or commutation must be construed most favorably towards prisoner when ambiguous.

John Debruyn was convicted of an offense and sentenced to a term of imprisonment. On petition, after commutation of sentence, for an order directing cancellation of judgment for amount of unpaid fine. Motion granted.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Guy O. Walser, Asst. U. S. Atty., of New York City, of counsel), for the United States.

William L. Greenfogel, of New York City, for defendant.

GARVIN, District Judge. This is a motion by the defendant above named for an order directing the clerk of this court to cancel and set aside the lien of judgment for $1,000 heretofore entered herein against the defendant by the United States of America.

The applicant was convicted in this court in the year 1917, and was sentenced to serve a term of imprisonment of 18 months and to pay a fine of $1,000. Prior to the termina-

tion of this term of imprisonment, and while he was serving his sentence, the President of the United States commuted the sentence, as a result of which the defendant was released from further imprisonment. He now contends that the effect of that commutation was to relieve him from all obligation to pay the fine imposed.

It was obviously the intention of the executive to determine that the defendant should be set at liberty.

If he was without funds to pay the fine imposed, he would have had to stand committed to at least 30 days in addition, unless the commutation had the effect of commuting the punishment represented by the requirement to pay the fine or serve an additional sentence.

[1-3] It is well settled that, where a defendant has been sentenced to a term of imprisonment and to pay a fine in addition, a pardon and restoration of civil rights has not merely the effect of release from imprisonment, but also to cancel the fine imposed. Inasmuch as a document in the nature of a pardon or commutation must always be construed most favorably towards the prisoner where its terms are ambiguous, it appears to the court that, in view of the fact that the commutation, if it had been intended to be limited to the term of imprisonment which the defendant was serving, should have so provided by its terms, it must be construed to mean that all the unpaid penalty prescribed by the sentence of the court was commuted, which would include both the balance of the sentence unserved and the fine imposed.

The able and interesting brief prepared in behalf of the government by the pardon attorney has been examined and considered with the care that a brief from such a source should receive, but with the conclusions therein set forth I find myself unable to agree.

The motion is granted.